IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

IN RE LETTER OF REQUEST     )
FROM RUSSIA                 )
IN THE MATTER OF            )     Misc. No. 06-
RIZOLIT CORPORATION         )

GOVERNMENT'S MEMORANDUM OF LAW
IN SUPPORT OF APPLICATION FOR ORDER

This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a letter of request from Russia. A copy of the translation is attached.

FACTUAL BACKGROUND:

This investigation is being conducted by the Russian authorities who are investigating a case of alleged robbery.

EVIDENCE SOUGHT:

The Russian authorities seek information about a company that may reside in this District. According to investigation that has taken place in Indiana, the registered agent for Rizolit Corporation is W. Rick Fletcher, who lives in Delaware. The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which states in part:

> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the

>testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in <u>In Re Request for Judicial Assistance from the Seoul District Criminal Court</u>, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

>Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, "(t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." <u>In Re Letter of Request from the Crown Prosecution Services of the United Kingdom</u>, 870 F.2d 686, 687 (D.C. Cir. 1989).

The letter of request in this case shows that the

information sought is for use in such proceedings in Russia and hence the request comes well within those circumstances contemplated by Congress in expanding the Federal Courts' authority to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled *ex parte*, and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE**, the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY: *[signature]*
Richard G. Andrews
Assistant U.S. Attorney
Delaware Bar I.D. No.2199
1007 N. Orange Street
Wilmington, DE   19801
(302) 573-6277

Dated: 5/9/06

| | |
|---|---|
| **Procurator General's Office**<br>**of the Russian Federation** | Ms. Mary Ellen Warlow<br>Director<br>Office of International Affairs<br>US Department of Justice |
| 15A Bolshaya Dmitrovka<br>Moscow, GSP-9, 101999, Russia | |
| .08.2004 Our ref. 35/2-2369-04 | 1301 New York Ave. NW<br>Washington, D.C. 20005 |

Esteemed Ms. Director:

The Procurator General's Office of the Russian Federation presents its compliments to the US Department of Justice and, pursuant to the Treaty on Mutual Legal Assistance in Criminal Matters of 17 June, 1999, kindly requests legal assistance in criminal matter No. 71752 instituted under Article 161 (3-b) (robbery) of the Criminal Code of the Russian Federation.

Performance of investigative actions in the territory of the United States of America is necessary in order to ensure comprehensive preliminary investigation.

The Russian Federation legislation of criminal procedure provides for limited period of pre-trial investigation of criminal cases. The breach of the procedural period may adversely affect the results of investigation of a criminal case, as well as bringing guilty persons to book.

Based on the above, kindly have the request executed by 5 December, 2004, and advise the Procurator General's Office of the results.

We guarantee that the information and documentation obtained upon execution of the request will be used for the purposes of the investigation only, and will not cause any harm to the sovereignty, security and public order of the United States of America.

The Procurator General's Office of the Russian Federation thanks you in advance for your co-operation and confirms its readiness to provide similar or other kind of legal assistance in criminal matters to the US law-enforcement agencies.

Enclosure: request for legal assistance in 7 pages

Acting Chief
International Law Department                    /signed/                    V.I. Erokhin

Translated into English by E. Kartashova

To the competent bodies of the
United States of America

## APPLICATION
### On rendering legal assistance in an investigation of the criminal case # 71752

Shelkovo, Moscow Region                                                                 June 1st, 2004

**Basis:**
Agreement between Russian Federation and the United States of America "On mutual assistance in criminal cases" from June 17th, 1999.

### Dear Ladies and Gentlemen!

Investigation Committee of the Department of Interior of the Shelkovskiy District of Moscow Region would like to express its deep respect to the competent bodies of the United States of America and would like to address you with the given inquiry on rendering legal assistance in an investigation of the criminal case # 71752.

In a production of the Department of Interior of the Shelkovskiy District of Moscow Region there is a criminal case # 71752, which was filed on December 29th, 2003 on a characteristics of a crime, that is foreseen by article 161, part 3, paragraph "b" of the Criminal Code of Russian Federation.

**During the preliminary investigation the following was established:**

On December 26th, 2003, around 5 a.m. 00 min., unknown people on a road, situated near the building # 30, on a Hotovskaya street, City of Shelkovo, Moscow Region, under the reason to check Identification Documents have stopped a vehicle MAN 18413, license plate number ▇▇▇▇▇ which belongs' to a "Euda" company, and was driven by Mr. Vasilyauskas I.V.. After that, with violence: they handcuffed him, and stoled the above mentioned car with a cargo in it, which was sent to the address of the OOO (Limited Liability Company) "Vita Contract", after that they left the crime scene. During the preliminary investigation it was impossible to establish the owner of the stolen goods, which were in the above mentioned vehicle. But it was established that the mentioned delivery was made on the basis of the contract # 840/09/03 from September 1st 2003, which was signed between Russian company OOO "Vita Contract", represented by the general director Mr. Vyazev Uriy Aleksandrovich and "RIZOLIT CORP." Company 2008 West Lincoln Highway, Suite # 915, Merrillville, Indiana 46410-5337, USA, Acc:▇▇▇▇▇ represented by Mr. Nekrasov Sergeiy.

According to the above mentioned we would like to ask you to carry out the following activities:
1. To establish the chiefs of the "RIZOLIT CORP." Company. 2008 West Lincoln Highway, Suite # 915, Merrillville, Indiana 46410-5337, USA, Acc ▇▇▇▇▇

2. To interrogate as a witnesses chiefs, employees of the "RIZOLIT CORP." Company on a following questions:
  a) Does Mr. Nekrasov Sergey has a right to sign contracts on behalf of the "RIZOLIT CORP." Company? Is Mr. Nekrasov Sergey a citizen of Russian Federation, if yes, then mention full data on Nekrasov Sergey, place of residence, contact phone numbers?;
  b) Is "RIZOLIT CORP." Company an owner of the goods in the stolen vehicle?
  c) Does "RIZOLIT CORP." Company has a representation office in Moscow City, if yes, the to mention the address, contact phone numbers and data on chiefs?;
  d) Who among the people in Russia could of had an information on the above mentioned delivery?;
  e) Is there any information on a people involved in this crime?;
  f) Is there any damage to a "RIZOLIT CORP." Company, if yes, then it is necessary to present reassured copies of the financial documents, which prove the price of the above mentioned goods?;
  g) In case if some other circumstances will come up, that could help the investigation of the present criminal case, it is necessary to interrogate the given people on a given circumstances.

Please, send the results of the given inquiry to the address of the Investigation Committee of the Ministry of Interior of Russian Federation (Russia, 103009, Moscow, Gazetniy pereulok 6. In case of a delay or in case of a full or partial rejection in rendering legal assistance, please, notify the Russian side immediately through the Interpol channels.

All the information in the present application is confidential and is intended for an official use only, because it is a secret of the investigation. From our side we guarantee you, that all received information as a result of the fulfillment of the present application, will not be disclosed to a third party and will be used in interest of the investigation of the criminal case.

Using this moment I would like to reassure you in our deep respect and in readiness to assist you in similar circumstances in a frameworks of the mentioned agreement.

With respect,

Investigator of the Investigation Committee
of the Department of Interior
of the Shelkovskiy District of Moscow Region
Major of justice                                                                                Obidin V.V.


Chief of the Investigation Committee
of the Department of Interior
of the Shelkovskiy District of Moscow Region
Major of justice                                                                                Vostrikov U.I.

ABSTRACT
From the Criminal Case of Russian Federation

Article 161

1. Robbery, meaning the theft of other people property,-
Is penalized by correctional works for the period from one year and up to two years, or by an arrest for a period from four and up to six months, or by an imprisonment for a period of up to four years.
2. Robbery, committed:
a) by a group on a conspiracy;
b) not valid – Federal law from December 8th, 2003 # 162-ФЗ (FL)
c) with an illegal trespassing to a house, office or any other storage;
d) with a violence, which is not lethal for a life or health, or with a threat of such violence;
e) in a large amount,-
is penalized by an imprisonment for a period from two years and up to seven years with a fine in a amount of up to ten thousand rubles or in the amount of a wage or any other income of the convicted person for a period of up to one months or without such fine.
(In a edition of a Federal Law from December 8th 2003 # 162-FL)
3. Robbery, committed:
a) by an organized group;
b) in an especially large amount,-
c) not valid – Federal Law from December 8th, 2003 # 162-FL
is penalized by an imprisonment for a period from six and up to twelve years with a fine in a amount of up to one million rubles or in a amount of a wage or any other income of the convicted person for a period of up to five years or without such fine.
(In a edition of a Federal Law from December 8th 2003 # 162-FL)

The abstract is correct

Investigator of the Investigation Committee
of the Department of Interior
of the Shelkovskiy District of Moscow Region
Major of justice                                                                                  Obidin V.V.


Перевёл  [signature]   Курмут М.М.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

IN RE LETTER OF REQUEST )
FROM RUSSIA )
IN THE MATTER OF ) Misc No. 06-
RIZOLIT CORPORATION )

### ORDER

Upon application of the United States of America; and upon examination of a letter of request from Russia whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in Russia and the Court being fully informed in the premises, it is hereby

**ORDERED**, pursuant to Title 28, United States Code, Section 1782, that Richard G. Andrews, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from the Russian authorities as follows:

1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

2. provide notice with respect to the collection of evidence to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party shall be required);

   3. adopt procedures to collect the evidence requested consistent with its use as evidence in a proceeding before a Court in Russia, which procedures may be specified in the request or provided by the Russian authorities;

   4. seek such further orders of this Court as may be necessary to execute this request; and

   5. certify and submit the evidence collected to the Office of International Affairs, Criminal Division, United States Department of Justice, or as otherwise directed by that office for transmission to the Russian authorities.

   IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.

   Dated: This _____ day of _____, 2006.

              _____
              United States District Court Judge